UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. CV 08-B-0171-J |
| | } | |
| EMERGYSTAT, INC.; EXTENDED EMERGENCY MEDICAL SERVICES, INC.; MED EXPRESS OF MISSISSIPPI, LLC, | } | |
| | } | |
| Defendants, | } | |
| | } | |
| UNITED STATES OF AMERICA, | } | |
| | } | |
| Intervenor. | } | |
| _____ | } | |
| GENERAL ELECTRIC CAPITAL CORPORATION, | } | |
| | } | CASE NO. CV 08-B-0699-J |
| Cross-Claimant, | } | |
| | } | |
| v. | } | |
| | } | |
| UNITED STATES OF AMERICA, | } | |
| | } | |
| Cross-Defendant. | } | |
| _____ | } | |
| SOUTHLAND HEALTH SERVICES, INC., d/b/a EMERGYSTAT; EMERGYSTAT OF SULLIGENT, INC., d/b/a EMERGYSTAT, | } | |

|                              |   |
|------------------------------|---|
| Plaintiffs,                  | } |
|                              | } |
| v.                           | } |
|                              | } |
| DRAYTON NABERS,              | } |
|                              | } |
| Defendant,                   | } |
|                              | } |
| UNITED STATES OF AMERICA,    | } |
|                              | } |
| Intervenor.                  | } |

## MEMORANDUM OPINION

This case is before the court on the Motion to Dismiss for Lack of Personal Jurisdiction filed by defendants Emergystat, Inc. and Med Express of Mississippi, LLC. (the "moving defendants"). (Doc. 17.)[1] Upon consideration of the submissions of the parties, and for the reasons stated below, the court finds that the Motion is due to be denied.[2]

**I.     LEGAL STANDARD**

"A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent authorized under the Constitution." *Meier ex. rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)(finding general personal jurisdiction); *see also Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355 (11th Cir. 2000)(finding

---

[1]     Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]     The court denied this Motion on the record during an earlier hearing in this case.

specific personal jurisdiction). "Alabama permits its courts to exercise jurisdiction to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment." *Id*. at 1355-56; ALA. R. CIV. P. 4.2(b). This court thus need only examine the extent to which due process requirements permit it to exercise personal jurisdiction. *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007)(Alabama's long-arm statute permits jurisdiction to the fullest extent constitutionally permissible). "The Due Process Clause permits a court to summon a non-resident to defend himself in the forum so long as that person has some 'minimum contacts' with that state and the exercise of personal jurisdiction over the defendant would not offend 'traditional notions of fair play and substantial justice.'" *Ruiz de Molina*, 207 F.3d at 1356 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"Personal jurisdiction may be general, which arise from the party's contacts with the forum state that are unrelated to the claim, or specific, which arise from the party's contacts with the forum state that are related to the claim." *Nippon Credit Bank, Ltd. v. Mathews*, 291 F.3d 738, 747 (11th Cir. 2002). A foreign business entity's contacts with the forum state must be continuous and systematic to warrant the exercise of general personal jurisdiction. *Meier*, 288 F.3d at 1276.

## II.  BURDEN OF PROOF

GECC has the burden of establishing a prima facie case of personal jurisdiction over the moving defendants because they are Mississippi entities. *See Meier,* 288 F.3d at

1268-1269 (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988))(plaintiff carries burden of establishing personal jurisdiction over nonresident defendants); *see also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). (Doc. 17, p. 1 & 2.) To do so, GECC must present evidence of jurisdiction sufficient to overcome a directed verdict. *Meier*, 288 F.3d at 1269. The moving defendants may submit affidavits to rebut plaintiff's showing of personal jurisdiction, in which case "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id*. (citation omitted). If the plaintiff's evidence and defendant's affidavits conflicts, the court must draw all reasonable inferences in the plaintiff's favor. *Id*.

## IV. FACTUAL SUMMARY[3]

### A. Corporate Structure

On January 29, 2008, GECC filed this breach of contract action against Emergystat, Inc; Extended Emergency Medical Services, Inc.; and Med Express of Mississippi, LLC. (Doc. 1.) These entities comprise three of five wholly-owned subsidiaries of Southland Health Services, Inc. ("Southland"). (Doc. 21, Ex. 1, Form 10-

---

[3] The moving defendants have submitted an affidavit from Larry N. Lunan, dated February 22, 2008, which states first that the moving defendants conduct no business in the forum state, Alabama, and second that the subject matter of this case arises out of transactions unrelated to any of the moving defendants' activities in Alabama. (Doc. 18.) Because this affidavit conflicts with the evidence GECC has presented the court has construed all reasonable inferences in favor of GECC. *See Meier*, 288 F.3d at 1269.

K at p. 1.)  Southland and its subsidiaries report to the Securities and Exchange Commission on a consolidated basis.  (Doc. 21, Ex. 1, Form 10-K, & Ex. 6, Form 10-Q.)  They operate together under the trade name "Emergystat."  (Doc. 21, Ex. 1, Form 8-K.)  The ultimate parent company of both Southland and its subsidiaries is Paladin Holdings, Inc., f/k/a Bad Toys Holdings, Inc. ("Paladin").  (Doc. 21, Ex. 1, Form 10-K at p. 1.)  Larry N. Lunan ("Lunan") is the President and CEO of Paladin and Southland, and he is the titular head of all four of Southland's operating subsidiaries.  (Doc. 19, App. p. 39-40.)

Prior to January 23, 2008, Southland and its subsidiaries operated ambulance services.  (Doc. 21, Ex. 1, Form 10-K; Doc. 19, App., p. 54.)  Although Southland's operations were conducted in seven southern states, they were centralized and serviced in and from the operational headquarters in Vernon, Alabama.  (Doc. 19, App., p. 45-46 & Form 10-K at p. 1, 22, & 28.)  The majority of Southland's accounting data is maintained at the defendants' Vernon offices, which includes records regarding the billing and collecting of accounts receivable.  (Doc. 21, App. 19, p. 45-46.)  Southland operated a centralized dispatch center in the Vernon office from which it serviced the seven states it operated in.  (Doc. 21, Ex. 1, Form 10-K at p. 22.)

### B.     Loan & Security Agreement

On April 30, 2003, all of the named defendants—along with Emergystat of Sulligent, Inc., another Southland subsidiary—entered into a loan and security agreement

with GECC. (Doc. 1, ¶ 11 & Ex. 1.) Paladin, f/k/a Bad Toys, guaranteed the debt. (Doc. 19, App., p. 21.) The agreement has been extended and modified over the years. (Doc. 1, ¶ 12 & Exs. 2 - 7.) In essence, plaintiff provided the four subsidiaries with a $5 million revolving line of credit secured by, among other things, the subsidiaries' ambulances and accounts receivable. (Doc. 1, Exs. 1 - 7.) This lawsuit arose out of defendants' default on the loan and security agreement.

### III. DISCUSSION

#### A. Minimum Contacts

To establish general personal jurisdiction over the moving defendants, the court must first find that its contacts with Alabama were both continuous and systematic. *See Meier*, 288. F.3d at 1274.

As of February 11, 2008, Southland and its subsidiaries had approximately 50 people working at the Vernon, Alabama office. (Doc. 19, App., p. 47.) Many–if not all–of the business records relating to the business and operations of the moving defendants are located and maintained in Vernon. Essentially all of the billing, dispatching, and other administrative operations of the moving defendants are conducted in Vernon, Alabama:

> We maintain a central billing and payment processing center and a centralized private-pay collection system at our headquarters in Vernon, Alabama. Invoices are generated and accounts are processed by the centralized collection system for private-pay accounts only if payment is not received via other channels in a timely manner. Throughout fiscal 2006, 2005 and 2004, substantially all of our revenue was billed and collected through our integrated

billing and collection system.

(Doc. 21, Ex. 1, Form 10-K at p. 8.) Thus, substantially all of the moving defendants' accounts receivable, which are a large part of the collateral securing repayment of the obligations owed to GECC by the defendants, including the moving defendants, were created, processed, and administered from Vernon, Alabama. Accordingly, the court finds that the moving defendants's general business contacts with the forum state, Alabama, were both systematic and continuous.

### B. Traditional Notions of Fair Play and Substantial Justice

The court must also determine whether the exercise of jurisdiction over the moving defendants "comports with traditional notions of fair play and substantial justice . . . ." *Id*. at 1276. To do so, the court examines "(a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies." *Id*.

In this case, those factors weigh in favor of this court exercising personal jurisdiction over the moving defendants. Substantially all of the records pertinent to this case are located in Vernon, Alabama. Thus, this court is best suited to meet the interests of the forum state, the plaintiff, and the judicial system in convenient, effective, and efficient relief. The court is unaware of any burden its exercise of jurisdiction would

place on the defendant.

## IV. CONCLUSION

Based on the foregoing, the court finds that it may exercise personal jurisdiction over the moving defendants. Their Motion to Dismiss is accordingly due to be denied. An order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE**, this 30th day of March, 2009.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE