UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **GENERAL ELECTRIC CAPITAL CORPORATION,** } } } | |
| Plaintiff, } } } | |
| v. } } } | **CASE NO. CV 08-B-0171-J** |
| **EMERGYSTAT, INC.; EXTENDED EMERGENCY MEDICAL SERVICES, INC.; MED EXPRESS OF MISSISSIPPI, LLC,** } } } } } } } } | |
| Defendants, } } } | |
| **UNITED STATES OF AMERICA,** } } } | |
| Intervenor. } } } | |
| _____ } } | |
| **GENERAL ELECTRIC CAPITAL CORPORATION,** } } } } | |
| Cross-Claimant, } } } | |
| v. } } } | |
| **UNITED STATES OF AMERICA,** } } } | |
| Cross-Defendant. } } } | |
| _____ } } | |
| **SOUTHLAND HEALTH SERVICES, INC., d/b/a EMERGYSTAT; EMERGYSTAT OF SULLIGENT, INC., d/b/a EMERGYSTAT,** } } } } } } } | |

|                              |   |                              |
|------------------------------|---|------------------------------|
| Plaintiffs,                  | } |                              |
|                              | } |                              |
| v.                           | } | CASE NO. CV 08-B-0699-J      |
|                              | } |                              |
| DRAYTON NABERS,              | } |                              |
|                              | } |                              |
| Defendant,                   | } |                              |
|                              | } |                              |
| UNITED STATES OF AMERICA,    | } |                              |
|                              | } |                              |
| Intervenor.                  | } |                              |
|                              | } |                              |

## MEMORANDUM OPINION

This case is before the court on a Motion to Remand filed by Southland Health Services, Inc. ("Southland") and Emergystat of Sulligent, Inc. ("Sulligent"). (Doc. 10; CV 08-171, Doc. 40.)[1] Upon consideration of the submissions of the parties, and for the reasons stated below, the court finds that the Motion is due to be **DENIED**.[2]

**I.      LEGAL STANDARD**

Federal courts are of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994). They have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" and disputes between citizens of different states which meet a minimum amount in controversy requirement. 28 U.S.C. §§ 1331-1332.

---

   [1]   Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. Unless otherwise specified, all document references are to CV 08-699.

   [2]   The court has orally informed the parties of this ruling at an earlier hearing.

A defendant has the statutory right to remove any action from state court over which a federal court has original jurisdiction. 28 U.S.C. § 1441. Additionally, civil actions brought in state court against officers of the courts of the United States may be removed to federal court. 28 U.S.C. § 1442(a)(3).

A removing defendant bears the burden of proving the existence of federal jurisdiction. *See Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996)). Removal statutes are construed narrowly, and any uncertainties regarding jurisdiction are to be resolved in favor of remand. *Burns*, 31 F.3d at 1095.

II.   **CASE SUMMARY**

Southland and Sulligent commenced an action against Drayton Nabers, Jr. in the Circuit Court of Lamar County, Alabama on April 18, 2008 (the "state court action"). (Doc. 1, p. 16.) This court previously had appointed Nabers to serve as the receiver in *General Electric Capital Corporation v. Emergystat, Inc.* (the "federal action"). Order, No. 08-B-0171-J (N.D. Ala. Mar. 5, 2008). (CV 08-171, Doc. 25.) The three defendants in the federal action, along with Sulligent, are wholly-owned subsidiaries of Southland. (CV 08-171, Doc. 21, Ex. 1, Form 10K at p. 1.) Those four subsidiaries entered into a loan agreement with General Electric Capital Corporation ("GECC"), who subsequently brought the federal action seeking repayment of the loan and foreclosure of its liens and security interests in collateral securing that obligation. (CV 08-171, Doc. 1.) The

collateral pledged in the loan agreement consists of a number items, most notably accounts receivable. (CV 08-171, Doc. 1.) To prevent the loss or diminution of the accounts and various other collateral, this court appointed Nabers as Receiver. (CV 08-171, Doc. 25.) The court granted Nabers the authority to marshal, take possession of, and administer the three defendants' accounts receivable. (CV 08-171, Doc. 25, p. 6.) This court specifically prohibited the defendants and their officers, directors, and agents from interfering with Nabers. (CV 08-171, Doc. 25.)

Alleged problems with the performance of the Receiver's duties led to the state court action. In sum, Southland and Sulligent claimed that the Receiver exceeded the scope of his receivership appointment by taking mail and money which belonged to them. (Doc. 1, p. 18-22.) Although they stated that "Southland has taken no action to interfere with Mr. Naber's activities as receiver of collateral securing the Loan Agreement," they requested, among other relief, both a temporary and a permanent injunction against Nabers as the Receiver. (Doc. 1, p. 22-23.)

The circuit court issued the requested temporary restraining order ("TRO") on April 18, 2008, which orders in pertinent part:

> That the Defendant Drayton Nabers be and hereby is restrained and enjoined from diverting, intercepting or continuing to possess mail addressed to P.O. Box 1497, Vernon, Alabama including, without limitation, mail addressed to Emergystat, Emergystat, Inc., Emergystat of Sulligent, Inc., MedExpress of Mississippi, LLC, Extended Emergyency Medical Services, Inc. and any other recipient . . . .

(Doc. 1, p. 13.) The TRO also orders Nabers to "immediately cease and desist from any

activities to divert, redirect or take control over mail addressed to P.O. Box 1497 Vernon, Alabama; and . . . [t]hat he cease and desist from his actions in securing possession of mail addressed to Southland or any of the Southland's affiliates identified above." (Doc. 1, p. 14.)  Under Alabama law, the TRO expired on April 28, 2008.  *See* Ala. R. Civ. P. 65(b)("Every temporary restraining order granted without notice . . . shall expire by its terms within such time after entry not to exceed ten (10) days . . . .").

Nabers filed a Notice of Removal of the state court action on April 22, 2008, basing jurisdiction in this court on federal question jurisdiction, 28 U.S.C. § 1331, and the general removal provision for such, 28 U.S.C. § 1441.  (Doc. 1, p. 6.)  He reasoned that federal law governed his appointment as Receiver, the state court action required consideration of the scope and effect of this court's order appointing him Receiver, and thus the state court action required interpretation of federal law such that federal question jurisdiction existed.  (Doc. 1, p. 5-6.)

After this court consolidated the state and federal actions, (CV 08-171, doc. 36), Southland and Sulligent moved to remand their case against Nabers.  (Doc. 10.)  They disputed the existence of federal question jurisdiction over the state court action.

Nabers timely amended his Notice of Removal,[3] arguing that 28 U.S.C. §

---

[3]  A defendant may amend his notice of removal prior to the expiration of the thirty day period for seeking removal under 28 U.S.C. § 1446(b).  *American Educators Fin. Corp. V. Bennett*, 928 F. Supp. 1113, 1115 (M.D. Ala. 1996).  Southland and Emergystat of Sulligent filed both their Complaint against Nabers and a Motion for a Temporary Restraining Order on April 18, 2008.  (Doc. 1, p. 16.)  Accordingly, the thirty-day period for removal in this case would have expired at the earliest on May 18, 2008.  *See* 28 U.S.C. § 1446(b).  Nabers filed his Notice of Removal on April 22, 2008, and his Amended Notice of Removal on May 8, 2008, both of which

1442(a)(3) permitted removal of the state court action because it is a civil action against a an officer of the courts of the United States for an act performed under color of his appointment and in performance of his duties.  (Doc. 15, p. 2 & 6-8.)

### III. DISCUSSION

Title 28 U.S.C. § 1442(a) provides an independent right of removal for federal officers.  *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981).  It provides, in relevant part, that:

> (a)  A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> . . .
> (3) Any officer of the courts of the United States, for any act under color of office or in the performance of his duties . . . .

28 U.S.C. § 1442.  In contrast to the general § 1441 removal statute, removal under § 1442(a) is not tied to the original jurisdiction of the federal courts.  *Ely Valley*, 644 F.2d at 1314.

A Receiver is an officer of the courts of the United States.  *See id*. at 1313.  When a plaintiff files suit in state court against a receiver that raises issues requiring an examination of the receiver's duties and obligations as ordered by the appointing federal court, "the acts of the receiver in issue are directly under color of office or in the performance of court imposed duties."  *Id*.  There is accordingly a strong federal interest in providing access to federal court in such cases, and removal is proper under § 1442.  *Id*.

---

were within § 1446(b)'s thirty-day period.

6

The complaint in the state court action claims that "Nabers has retained Southland's mail and the mail of its affiliates without any legal justification or right." (Doc. 1, p. 18.) It also alleges that Nabers has exceeded "any authority under his receivership appointment because he is taking mail and money from companies that are not parties to the federal case." (Doc. 1, p. 19.) Plaintiffs in the state court action also claim that Nabers "has no authority to issue directions on behalf of [the federal action defendants] to the postal service regarding the delivery of their mail or other mail addressed to P.O. Box 1497, Vernon, AL." (Doc. 1, p. 21.) They requested both injunctive relief and an award of damages against Nabers. (Doc. 1, p. 22-23.)

These allegations raise issues that will require an examination of the order appointing Nabers receiver. As such, the acts at issue in the state court action were done under the color of his office or in the performance of his duties. *See Ely Valley*, 644 F.2d at 1313. Removal of the state court action was therefore proper under § 1442(a)(3). Because that independent basis for removal is present here, this court need not examine the validity of removal under the general § 1441 removal statute.

IV. **CONCLUSION**

Based on the foregoing, the court finds that removal was proper in this case and plaintiffs' Motion to Remand is due to be denied. An order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE**, this 30th day of March, 2009.

                                */s/ Sharon Lovelace Blackburn*
                                SHARON LOVELACE BLACKBURN
                                CHIEF UNITED STATES DISTRICT JUDGE